# THE CITY OF OSWEGO, APPELLANT, *v.* MARTIN B. COLLINS, RESPONDENT.

*City ordinance — when a hotel omnibus is not a "public conveyance."*

An ordinance of the city of Oswego provided that "all hacks, baggage wagons and public conveyances are hereby prohibited from standing on West Utica street at any point between the Oswego river and West Third street; and, further, all hacks, baggage wagons and public conveyances are hereby prohibited from standing on West First street and West Second street at any point on said West First street and West Second street between Albany and Mohawk streets; and the driver or drivers, and the owner or owners, of said vehicles violating this section shall be subject to a penalty of five dollars for each said violation."

*Held,* that an omnibus owned by the proprietor of a hotel in the city, and used to convey free of charge guests of the hotel to and from the different railroad stations and steamboat landings in the city, was not a "public conveyance" within the meaning of the ordinance. (FOLLETT, J., dissenting.)

APPEAL from a judgment in favor of the defendant, entered in the County Court of Oswego county, upon the report of a referee.

The action was brought to recover sundry penalties for alleged violations of section 15 of chapter 11 of the ordinances of the said city of Oswego, which were passed on August 7, 1877. The language of the ordinance was, viz.: "All hacks, baggage wagons and public conveyances are hereby prohibited from standing on West Utica street at any point between the Oswego river and West Third street; and further, all hacks, baggage wagons and public conveyances are hereby prohibited from standing on West First street and West Second street at any point on said West First street and West Second street between Albany and Mohawk streets, and the driver or drivers and the owner or owners of said vehicles violating this section shall be subject to a penalty of five dollars for each said violation." The referee found that the defendant was in the employ of proprietors of the Doolittle house, a public house in the said city, as the driver of an omnibus, belonging to said public house; that at various times in the month of August, 1877, the omnibus stood on the streets at the prohibited points; also, "that said omnibus on said occasions and at all times during said month was used solely for the purpose of carrying the guests of said public house to

and from the different railroad stations and steamboat landings in said city, and that no compensation was charged or received for such carrying."

The referee found as matter of law " that said omnibus was not a hack or baggage wagon, and was not a public conveyance within the meaning or sense of section 15 of chapter 11 of said ordinances," etc.

*J. R. O' Gorman,* for the appellant.

*C. & C. F. Whitney,* for the respondent.

HARDIN, P. J. :

According to the finding of fact made by the referee, persons who had been guests, or who intended to be guests of the Doolittle house, were accustomed to ride in the omnibus driven by defendant. Such persons *only* were entitled to use the omnibus. Had it been a public conveyance, as for instance a stage coach run for the general public, or a street car, the whole public would have been entitled to use it, and could not have been excluded from it. If the omnibus had been in use at a seminary to carry students to and from the seminary to railroad stations and steamboat landings, it would have been known as a private conveyance with which *the general public* would have had no concern or right to use. If the ordinance had omitted the word " public " as a word qualifying " conveyance," the omnibus in question would have been within the words of the ordinance. We are asked to give the same effect to the ordinance as though the word " public " was omitted therefrom. On the contrary, we must give effect to the word " public " when we construe the ordinance.

Inasmuch as the public were not entitled to use the conveyance in question, as the public at large is entitled to use a " public conveyance," we should not give the proper construction to the facts disclosed if we were to declare the omnibus which the defendant drove a " public conveyance."

If the defendant had taken the same omnibus and driven to and from a fair ground, soliciting passengers from the public, and receiving patronage from *the public,* and compensation for riding in it, then it would have fallen under the class known and denom-

inated " public conveyances." (*City of Brooklyn* v. *Breslin*, 57 N. Y., 591.) Upon the facts stated in the referee's report, we are of the opinion that his conclusion of law, that the omnibus in question *was not* a "public conveyance" is correct. We, therefore, should affirm the conclusion reached by the referee.

Judgment of the County Court of Oswego County affirmed, with costs.

BOARDMAN, J., concurred.

FOLLETT, J. (dissenting):

August 7, 1877, the common council of the city of Oswego enacted the following ordinance, for the violation of which this action was brought: "All hacks, baggage wagons and public conveyances are hereby prohibited from standing on West Utica street at any point between the Oswego river and West Third street; and further, all hacks, baggage wagons and public conveyances are hereby prohibited from standing on West First street and West Second street at any point on said West First street and West Second street between Albany and Mohawk streets, and the driver or drivers and the owner or owners of said vehicles violating this section shall be subject to a penalty of five dollars for each violation."

The first question is: had the common council power to pass this ordinance? Section 6, title 3, chapter 463, Laws of 1860, authorizes the common council to enact ordinances. Subdivision 13. "To prevent the incumbering of the streets, sidewalks, lanes, alleys, wharves and docks with carriages, carts, sleighs, sleds, wheelbarrows, boxes, lumber, timber, firewood or any other substance or materials whatsoever." Subdivision 17. "To license and regulate cartmen, truckmen, porters, and the drivers of hackney carriages of every description, and baggage and other wagons used for hire, and to limit their charges and compensation."

Section 7 of the same title authorizes the common council to prescribe a penalty not exceeding fifty dollars for violating any ordinance; and section 8 of the same title authorizes actions to be brought in the name of the city for the recovery of any penalty incurred. Under these sections it is clear that the common council had power to enact the ordinance, and that this action was well brought in the name of the city.

The second and only remaining question is : was the omnibus a "public conveyance," within the meaning of the ordinance? It was used constantly for conveying, free of charge, the guests of a hotel between it and the stations of public carriers, and was open to such of the public as wished to ride between the hotel of an entertainer of the public and the stations of carriers of the public. Had a person not connected with the hotel carried travelers for hire between the hotel and stations, and nowhere else, his conveyance could not be called a private one, and the fact that the proprietor of the omnibus was also the proprietor of the hotel, and was compensated by the increased patronage of his hotel, instead of by a fixed sum paid by those carried upon entering or leaving the conveyance, does not change the nature of the business or the character of the conveyance, which was, essentially, a conveyance for the traveling public. The proprietor of the hotel was engaged in a private business in the sense that it and its profits were his own, but it was a public business within the common law and statutes of this State, and the omnibus was but an adjunct of his public house — a means of carrying on his public business — for the convenience of travelers, and it was a "public conveyance" within the meaning of the ordinance. The proprietor could not exclude a traveler from his hotel without a sufficient reason, nor could he exclude a guest of his hotel from the omnibus without a like reason.

Ordinances, like statutes, should be construed so as to prevent the mischief at which they are aimed, and so as to advance the remedy. This ordinance was adopted to prevent the drivers of hacks, baggage wagons and public conveyances from incumbering the streets and sidewalks of the city with their conveyances when soliciting patronage from the public. The omnibus and its driver were as clearly within the mischief sought to be suppressed as the other conveyances specifically enumerated.

The judgment of the County Court should be reversed, and a new trial granted, with costs to abide the event.

Judgment of the County Court of Oswego county affirmed, with costs.